UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BYUNG KIM AND YONG KIM** | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:07-cv-4201 |
| **TIME INSURANCE COMPANY** | § § § § | |
| Defendant. | § § § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Strike Plaintiff's Jury Demand. After considering the relevant briefing, the Court finds that Defendant's Motion, Docket No. 19, should be **DENIED**

### I. BACKGROUND

Plaintiffs filed their Original Petition in the 127th Judicial District Court of Harris County, Texas on December 4, 2007 requesting a declaratory judgment and alleging a claim for breach of contract based on Defendant's denial of coverage for Plaintiff's liver transplant. Plaintiffs did not demand a jury trial in state court. Defendants removed the suit to this Court on December 10, 2007 and served Plaintiffs with a Notice of Removal on the same day. Plaintiffs filed a First Amended Complaint on December 28, 2007, adding a cause of action for bad faith and demanding a jury trial.[1]

### II. ANALYSIS

---

[1] Also pending before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint. The Court will address this Motion in a separate opinion.

Defendant argues that Plaintiffs' demand for a jury trial is untimely because Plaintiffs failed to make the demand within ten days after service of the notice of removal as required by Federal Rule of Civil Procedure 81(c).   Plaintiffs concede that they did not make their jury demand within ten days of being served with the Notice of Removal.  They argue, however, that the jury demand is proper either under Federal Rule of Civil Procedure 38 or at the discretion of the Court, presumably pursuant to Federal Rule of Civil Procedure 39(b).[2]

Under Rule 38, which preserves the Seventh Amendment right of trial by jury, a jury demand is timely if made "no later than 10 days after the last pleading directed to the issue is served."  FED. R. CIV. P. 38(a), (b)(1).  "An amended or supplemental pleading that raises new issues enables a party to request a jury trial for those issues in the manner established by Rule 38(b)."  *Fredieu v. Rowan Companies, Inc.*, 738 F.2d 651 (5th Cir. 1984).  "A complaint 'raises an issue' only once within Rule 38(b)'s meaning—when it introduces it for the first time. Amendments not introducing new issues will not give rise to a demand for a jury trial." *Guajardo v. Estelle*, 580 F.2d 748, 753-54 (5th Cir. 1978).  New issues must "relate to new issues of fact and not to new theories of recovery."  *Fredieu*, 738 F.2d  at 653 (citing *Guajardo*, 580 F.2d at 753).

Even where a party fails to comply with the time requirements of Rule 38, the Court may, in its discretion, relieve a party from waiver of jury trial under Rule 39 (b).  *See* FED. R. CIV. P. 39(b); *Daniel Int'l. Corp. v. Fischbach & Moore, Inc*., 916 F.2d 1061, 1064 (5th Cir.

---

[2] Although Plaintiffs have not specifically moved the Court to allow their demand for a jury trial under Rule 39, the Court reads their response to the pending motion, which cites case law interpreting Rule 39, as such a request. *See Swofford v. B & W, Inc*., 336 F.2d 406, 409 (5th Cir. 1964) ("[W]hen a demand [for jury trial] has been made, though untimely, it is not reversible error for the district court to exercise its discretion under Rule 39(b) even though we have advised previously that '[a] motion to the court under Rule 39 rather than service of a demand under Rule 38 is the proper course . . .'" (internal citation removed)).

1990). "[W]hen the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary. A motion for trial by jury under this rule should be favorably received unless there are persuasive reasons to deny it." *Id.* (internal citations and quotation marks omitted).  Although it is not generally an abuse of discretion to deny a Rule 39(b) motion when the failure to make such a demand results only from inadvertence, *see, e.g.*, *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 873 (5th Cir. 1991); *Lewis v. Thigpen*, 767 F.2d 252, 257 (5th Cir. 1985), the Court "ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind are usually to be denied." *Lewis*, 767 F.2d at 257.

   Defendants argue that Plaintiffs' First Amended Complaint merely restates issues raised in the Original Petition and thus does raise new issues that would allow for a jury demand under Rule 38.  The statement of facts in the Original Petition and Amended Complaint are almost identical.  Plaintiffs note, however, that the Amended Complaint adds that the denial letter failed to properly quote Plaintiff's pre-existing coverage policy which. Plaintiffs contend that this new fact, in turn, supports the newly asserted cause of action for bad faith.  Defendants counter that the new allegations regarding the pre-existing condition language is simply an embellishment of that which was already pled in the Original Petition.  Defendants also note that the new claim for bad faith is only a new theory of recovery, and, standing alone, would not entitle Plaintiffs to make a new demand for a jury trial.

The Court need not decide whether the sentence regarding the pre-existing coverage language is sufficient to justify Plaintiff's demand for a jury trial under Rule 38. Instead, it will exercise its discretion under Rule 39 to allow the case to proceed to a jury.

There are no persuasive reasons to deny Plaintiffs' request. Defendant argues that, in the absence of any other explanation for the delay, the Court must presume that Plaintiffs' failure to make a timely demand was the result of inadvertence and that such inadvertence is not sufficient to permit the Court to allow the demand under Rule 39. Defendants cite to several cases upholding a district court's denial of a Rule 39 motion where the failure to make a timely demand was the result of inadvertence. *See, e.g.*, *Farias*, 925 F.2d at 873; *Bush v. Allstate Ins. Co.*, 425 F.2d 393, 396 (5th Cir. 1970). None of those cases hold, however, that, a Court may not allow a party to make a jury demand under Rule 39 where the failure to make a timely demand was the result of inadvertence. Indeed, *Lewis* counsels the Court to take account of the entire factual situation of the particular case. 767 F.2d at 257.

The Court first notes that this case does not involve a lengthy delay. Plaintiffs made their demand for a jury trial only eighteen days after receiving the Notice of Removal and twenty-one days after being served with Defendant's Answer. The demand for a jury trial in every case cited by Defendants was far more untimely than the request in the case at hand. *See, e.g.*, *Farias*, 925 F.2d at 870 n.2 (Plaintiff's demand for jury trial made over five months late); *Bush*, 425 F.2d at 394 (no demand for jury trial made for eighteen months after removal); *O'Malley v. United States Fidelity & Guar. Co.*, 776 F.2d 494, 501 (5th Cir. 1984) (request for jury trial made twenty-six months after removal); *Lewis*, 767 F.2d at 256 (demand for jury trial made over a year after complaint filed); *Fredieu*, 738 F.2d at 654 (demand for jury trial made

over eight months after filing of initial complaint); *Rhodes v. Amarillo Hosp. Dist*., 654 F.2d 1148, 1152 (5th Cir. 1981) (jury demand made thirty months after filing of original complaint).

Defendants have pointed to no surprise, prejudice, or unfairness that would result from allowing this case to proceed before a jury. Defendants suggest that Plaintiff Kim's medical treatment might be delayed by allowing a jury trial because non-jury cases "proceed expeditiously through the court system." The Court believes that Plaintiffs themselves were entitled to assess the impact of a jury trial on Ms. Kim's medical treatment when making the jury demand. Nor is it clear how allowing a jury trial would "disrupt the docket" given that Defendant and the Court had notice of this request shortly after removal and before entering the present scheduling order.

Defendant finally contends that Plaintiffs are not entitled to a jury trial because their complaint involves a request for declaratory judgment and monetary claims that depend on and are intertwined with their equitable claim for injunctive relief. Thus, argues Defendant, Plaintiffs would not have been entitled to a jury trial even if their demand had been timely. The Court is not convinced. A monetary award that is restitutionary in nature or "incidental to, or intertwined with, injunctive relief'" may be considered equitable relief, *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570 (1990); *Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994). However, even in a case seeking injunctive and declaratory relief, a Plaintiff might demand a jury trial on "factual issues underlying the declaratory judgment action." *Guajardo*, 580 F.2d at 752 ("Plaintiffs commenced this action by asking for both injunctive and declaratory relief. Although they would not have been entitled to a jury trial on equitable issues, they might have demanded a jury trial on factual issues underlying the declaratory judgment action."); *see also Borst*, 36 F.3d at 1324 n.29 (noting that "no issues of

fact remain to be decided by a jury" when finding that the district court did not err in striking plaintiffs' demand for a jury). It is quite possible that there are factual issues underlying Plaintiffs' request for declaratory judgment in this case suitable for resolution by a jury. As such, the Court will not deny Plaintiffs' demand for a jury trial on these grounds.

### III.    CONCLUSION

Pursuant to Federal Rule of Procedure 39(b), the Court will grant Plaintiffs' request to demand a jury trial. Defendant's Motion to Strike is therefore **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 1st day of February, 2008.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER
SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED
NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT