UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BYUNG KIM AND YONG KIM, § § § | |
| Plaintiffs, § § | |
| v. § | CIVIL ACTION NO. 4:07-cv-4201 |
| § | |
| TIME INSURANCE COMPANY § § § | |
| Defendant. § § § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion for Leave to File Third Amended Complaint. For the following reasons, the Court finds that Plaintiffs' Motion, Docket No. 32, should be **GRANTED**.

Plaintiffs have asked the Court for leave to file a Third Amended Complaint clarifying and adding certain facts and adding a claim and demand for damages under Chapter 542 of the Texas Insurance Act (the "Prompt Pay Act"). Plaintiffs claim that Defendant did not acknowledge receipt of Plaintiff's medical claims as required by the Act or properly investigate those claims. Defendant opposes Plaintiffs' Motion, arguing that it will be prejudiced by the amendment and that the amendment is futile.

Although not automatic, leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 16(b); *see also Little v. Liquid Air Corp*, 952 F.2d 841, 845-46 (5th Cir. 1992), *aff'd* 37 F. 3d 1069 (5th Cir. 1994). Because there is no deadline in place for amendments, the "good cause" requirement of Federal Rule of Civil Procedure 16(b)

does not apply. FED. R. CIV. P. 16(b). In exercising its discretion to grant or deny leave to amend, the Court may consider, among other things, "undue prejudice to the opposing party by virtue of allowance of the amendment" and "futility of amendment." *Foman v. Davis*, 371 U.S. 171, 182 (1962); *Little*, 952 F.2d at 846.

The Court does not find that Defendant will be unduly prejudiced by Plaintiffs' amendment. Any potential prejudice to Defendant was significantly reduced by the Parties' recent entry into a new non-expedited scheduling order. (*See* Doc. No. 40.)

The Court is not convinced at this time that Plaintiffs' amendment is completely futile. The facts surrounding the filing and acknowledgement of Plaintiffs' claims are not entirely clear from the papers. For example, under the Prompt Pay Act, an insurer is required to acknowledge receipt of a claim no later than the 15th day after the insurer receives notice of a claim. TEX. INS. CODE ANN. § 542.055 (2007). Plaintiffs' Third Amended Complaint provides the dates on which Plaintiff allegedly filed claims and argues that Defendants did not acknowledge receipt of those claims within 15 days of receipt. Although Defendant argues that it is undisputed that it began a "routine claims investigation" on August 8, 2007 and received a signed medical records release from Plaintiffs on August 24, 2007, neither party has clarified precisely if or when Plaintiffs' individual claims were actually acknowledged by Defendant.

The Court has some uncertainty as to whether all of Plaintiffs' newly asserted claims would survive a motion to dismiss *See, e.g., Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (*citing Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)). Given, however, that even motions to dismiss are generally disfavored, *see, e.g., Clark v. Amoco Production Co.*, 794 F.2d 967, 970 (5th Cir. 1986), the Court is reluctant to deny

Plaintiff an opportunity to assert those claims where it is not entirely clear that the claims are futile and in the absence of undue prejudice to Defendants.

Plaintiff's Motion for Leave to File (Doc. No. 32) is, therefore, **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED** this 17th day of March, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER
SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND
AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE
BY THE COURT