UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BYUNG KIM AND YONG KIM | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:07-cv-4201 |
| TIME INSURANCE COMPANY | § § § § | |
| Defendant. | § § § § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Objections to Plaintiff's Expert Disclosures and Motion to Partially Strike Same. After considering the arguments presented in briefing and at a hearing on the pending motion and the relevant law, the Court determines that Defendant's Motion, Docket No. 45, should be **DENIED**.

### I.  BACKGROUND

Plaintiffs bring this lawsuit alleging, among other things, that Defendant wrongfully denied health insurance coverage for Plaintiff Yong Kim's liver transplant. According to Plaintiffs, because of Defendant's wrongful denial of benefits, Mrs. Kim was not placed on the liver transplant list in September 2007. Defendant maintains that its denial of coverage was justified because Mrs. Kim's claims were based on a pre-existing condition.

Plaintiffs filed their Expert Disclosures on February 11, 2008.[1] Plaintiffs designated Ted Marules, Sr., an expert in the area of insurance fraud and bad faith, as a retained expert. Plaintiffs also designated a number of individuals as non-retained medial experts, including Dr. Norman L. Sussman and Dr. Rise Stribling. Plaintiffs indicated that Dr. Sussman and Dr. Stribling were Yong Kim's healthcare providers and added that both doctors:

> may offer testimony regarding Yong Kim's specific medical condition at the time her medical claim was submitted to her insurer as well as her signs and symptoms presented upon admission to Metroplex emergency room; general signs or symptoms of her current condition—heptocelluler [sic] carcinoma; mental health aspects of condition; diagnosis and prognosis. Dr. Sussman has indicated that without a liver transplant, Mrs. Kim's condition is fatal.

(Doc. No. 45, Ex. A.)

After Defendant informed Plaintiffs that it believed the expert disclosures were deficient, Plaintiffs served Defendant with Amended Disclosures on April 18, 2008. The Amended Disclosures continued to designate Dr. Sussman and Dr. Stribling as non-retained medical experts, but elaborated on their opinions, adding:

> Drs. Sussman and Stribling will be asked to opine, based upon their knowledge, skill, training, education and experience in the field of hepatology and general medicine as to Mrs. Kim's signs and symptoms upon admittance (and during treatment from July 20, 2007 to present) as well as and compared to the signs and symptoms of patients regularly treated by Drs. Sussman and Stribling with similar condition(s). These witnesses will be asked, based on their expertise, if Mrs. Kim's signs and symptoms prior to July 20, 2007 should have or would have caused a reasonable person to seek diagnosis or treatment sooner than she did. Dr. Sussman's deposition has been scheduled for May 9, 2008 where his specific expert opinions will be discovered. Dr. Stribling's deposition has not been scheduled to date, but her opinions can also be discovered by depositions.

(Doc. No. 45 Ex. B.)

---

[1] This case was previously on an accelerated schedule; the parties entered a modified scheduling order on March 10, 2008. Pursuant to the initial scheduling order, Plaintiffs agreed to designate expert witnesses by February 11, 2008. This deadline was not altered by the modified scheduling order.

2

Defendants urge the Court to partially strike Dr. Sussman's and Dr. Stribling's expert testimony. Defendants argue that both doctors are being offered to testify as to matters that fall outside of the scope of their treatment of Yong Kim. Because of this, Defendant argues that certain testimony the doctors may offer is subject to the requirements of Federal Rule of Civil Procedure 26(a)(2)(B). According to Defendant, because Plaintiffs failed to describe the doctors' opinions, disclose the basis for those opinions, or provide a written report, Dr. Sussman and Dr. Stribling should only be allowed to testify as to observations made during the course of Mrs. Kim's treatment.

## II. ANALYSIS

Federal Rule of Civil Procedure 26 requires a party to disclose the identity of any expert witness it may use at trial. FED. R. CIV. P. 26(a)(2)(A). The disclosure must be accompanied by a written report "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." FED. R. CIV. P. 26(a)(2)(B). The report must contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B)(i). The disclosure and report must be made "in the sequence that the court orders."[2] FED. R. CIV. P. 26(a)(2)(C).

Non-retained experts such as treating physicians are not required to comply with the report requirement of Rule 26(a)(2)(B):

> The requirement of a written report in paragraph (2)(B) . . . applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.

---

[2] As discussed above, this Court entered an agreed scheduling order requiring parties to identify expert witnesses "by a report listing (1) the qualifications of each expert; (2) each opinion that the expert will present; and (3) the basis for it" by February 11, 2008.

3

FED. R. CIV. P. 26(a), cmt. 1993 Amendments, subdivision (a), para. (2), 146 F.R.D. 401, 635; *see also Hamburger v. State Farm Mut. Auto. Ins. Co.* 361 F.3d 875, 882 (5th Cir. 2004). Plaintiffs are correct, therefore, that the opinions of a treating physician testifying as a non-retained expert may be discovered through deposition, and need not be fully disclosed in advance of deposition. *See, e.g., Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 501 (D. Md. 1997) ("[P]laintiff was not required to disclose any more than the identity of the hybrid [treating physician] witnesses under Rule 26(a)(2)(A)").

Dr. Sussman and Dr. Stribling have not received any compensation for their testimony and were not otherwise specifically "retained."[3] *See, e.g., Smith v. State Farm Fire and Cas. Co.*, 164 F.R.D. 49, 55-56 (S.D.W.Va. 1995) (defining a retained witness as one "who will receive consideration different than the statutory fees and allowances"). The real dispute is whether some of Dr. Sussman and Dr. Stribling's testimony falls outside the scope of what they may testify to as treating physicians.

A number of courts agree that a treating physician may testify as a non-retained expert witness—and therefore need not provide an expert report—if the testimony is confined to "facts disclosed during care and treatment of the patient." *Brown v. Best Foods, A Division of CPC Intern., Inc.*, 169 F.R.D. 385, 389 (N.D. Ala. 996); *see also Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 871 (6th Cir. 2007) ("[A] report is not required when a treating physician testifies within a permissive core on issues pertaining to treatment, based on what he or she learned

---

[3] Defendant does not contest that Dr. Sussman does not usually serve as a retained expert witness and has only been deposed once before. Defendant does maintain, however, that Plaintiffs have treated Dr. Sussman as a retained expert by allegedly presenting him with select medical records and a copy of Defendant's expert's report and by conferring with him regarding his opinions. Plaintiff represented to the Court in a hearing on the pending motion that, despite Dr. Sussman's testimony to the contrary, she never provided him with a copy of Defendant's expert's report. Furthermore, counsel for Plaintiffs informed the Court that she only met with Dr. Sussman on two occasions to help determine Mrs. Kim's prognosis and to determine how to get Mrs. Kim on the liver transplant list and that other contact was largely devoted to scheduling.

4

through actual treatment and from the plaintiff's records up to and including that treatment."); *Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 500 -502 (D. Md.1997) ("To the extent that the source of the facts which form the basis for a treating physician's opinions derive from information learned during the actual treatment of the patient—as opposed to being subsequently supplied by an attorney involved in litigating a case involving the condition or injury—then no Rule 26(a)(2)(B) statement should be required."); *Martin v. CSX Transportation, Inc.*, 215 F.R.D. 554, 556 (D.C. Ind. 2003) ("The majority of courts permit physicians to present their opinions formulated during the course of treating a patient."). Several courts have found that, in addition to discussing a specific diagnosis, a treating physician may opine as to the causation of a plaintiff's injuries and a plaintiff's prognosis as long as the doctor formed those opinions "based on the care-provider's personal knowledge and observations obtained during the course of care and treatment."[4] *Garcia v. City of Springfield Police Dep't*, 230 F.R.D. 247, 249 (D. Mass. 2005) (abrogating *Thomas v. Consolidated Rail Corp.*, 169 F.R.D. 1 (D. Mass. 1996)); *see also Fielden*, 482 F.3d at 869 (allowing a treating physician to testify to the causation of a plaintiff's injuries where the doctor "formed his opinions as to causation at the time that he treated [plaintiff]," not at the request of plaintiff's counsel, and observing "[d]etermining causation may . . . be an integral part of 'treating' a patient."). Conversely, where a treating physician has prepared his opinions in anticipation of litigation or relies on sources other than those utilized in treatment, courts have found that the treating physician acts more like a retained expert and must comply with Rule 26(a)(2)(B). *See, e.g., Fielden*, 482 F.3d at 870-72 (noting that "[s]ome courts have accordingly concluded that when the nature and scope of the treating physician's testimony strays from the core of the physician's treatment, Rule 26(a)(2)(B) requires the filing of an expert report from

---

[4] Other courts have refused to allow a treating physician testify as to causation or prognosis. *See, e.g., Zarecki v. National R.R. Passenger Corp.*, 914 F.Supp. 1566, 1573 (N.D. Ill. 1996). The Fifth Circuit has not addressed the issue, and the Court finds the analysis in cases like *Fielden* more persuasive.

5

that treating physician" and collecting cases.); *Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995) (observing that a treating physician "requested to review medical records of another health care provider in order to render opinion testimony concerning the appropriateness of the care and treatment of that provider" would be required to comply with the report requirement of Rule 26(a)(2)(B)). Finally, courts have considered the purposes behind Rule 26(a)(2)(B) and the fairness of requiring a Defendant to proceed without the benefit of an expert report when determining whether to require a treating physician to provide an expert report. *See, e.g., Watson v. United States*, 485 F.3d 1100, 1107 (10th Cir. 2007) (noting that the rulemakers "seemed concerned, for example, about the resources that might be diverted from patient care if treating physicians were required to issue expert reports as a precondition to testifying," and observing that the Federal Rules "supply other mechanisms, besides formal reports, for extracting the views of an expert witness like Dr. Goforth; sandbagging is not necessarily inevitable"); *Fielden*, 482 F.3d at 871 (noting that defendants were not surprised by the scope of the treating physician's testimony).

Defendant agrees that Dr. Sussman and Dr. Stribling may testify as to the treatment they provided Ms. Kim. Defendant asks the Court to strike prospectively their testimony regarding certain matters, however, because they did not disclose these opinions in an expert report. It is impossible to determine all of the testimony to which Defendants object, because Dr. Stribling has not been deposed and no testimony has been offered into evidence. From briefing, it appears that Defendant objects at least to Dr. Sussman and Dr. Stribling's testimony regarding signs and symptoms exhibited by Ms. Kim before the doctors treated her and regarding whether Ms. Kim acted reasonably in waiting as long as she did before going to the hospital. Defendant also complains that, in a deposition, Dr. Sussman was asked to opine about documents such as

Defendant's Explanation of Benefits, which were not documents he relied on in his treatment of Mrs. Kim.

As to the first category of testimony, at least one circuit has found that a treating physician may testify "based on what he or she learned through actual treatment *and from the plaintiff's records up to and including that treatment.*" *Fielden*, 482 F.3d at 861. Plaintiff contends that Dr. Sussman's and Dr. Stribling's opinions regarding Mrs. Kim's symptoms prior to their treatment were formed in the course of and for the purpose of treatment based on medical records provided them from other treating doctors. Such opinions are derived from the doctors' treatment and care of Mrs. Kim, and are therefore within the scope of the doctors' testimony as treating physicians. Furthermore, parties do not dispute that Defendant has had access to the medical records on which Dr. Sussman and Dr. Stribling relied throughout the course of this litigation.

Dr. Sussman's deposition testimony as to whether it was reasonable for Ms. Kim to wait as long as she did before going to the hospital is a somewhat more complicated matter. In a deposition, Dr. Sussman testified that, prior to going to the hospital, Mrs. Kim attempted to self-medicate, believing that her symptoms were the result of her chronic constipation. (Doc. No. 52, Ex. B, p. 50.) In response to questioning by Plaintiffs' counsel, Dr. Sussman also agreed that Mrs. Kim's response to these symptoms was a "reasonably or ordinarily prudent act." (*Id.*) Dr. Sussman appears to have reached his conclusion about Mrs. Kim's chronic constipation and attempts to self-medicate based on his review of her medical records and medical history, which was provided to him while he was treating her. (*Id.* p. 49-50.) This testimony seems to fall within the scope of what a treating physician may address. Likewise, Dr. Sussman's conclusion as to the subjective reasonableness of Mrs. Kim's actions also seems to be based on information

learned during treatment of his patient.

To the extent that Dr. Sussman was asked to opine on documents that he did not rely upon in treating Mrs. Kim, however, those opinions are not confined to knowledge he derived as a treating physician.[5]

It is difficult for the Court to draw specific conclusions as to which aspects of Dr. Sussman's and Dr. Stribling's testimony should or should not be allowed without the submission of an expert report at this juncture. Federal Rule of Civil Procedure 37(c) allows a court to strike an expert witness if not properly disclosed. FED. R. CIV. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *see also Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999). To the extent that some of their testimony may be subject to the report requirement of Rule 26(a)(2)(B), the Court must weigh four factors to determine whether that testimony should be struck pursuant to Federal Rule of Civil Procedure 37(c): "(1) the importance of the witness's testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to [comply with 26(a)'s disclosure requirement]." *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998) ("In determining whether a violation of Rule 26(a) . . . is harmless, the trial court's discretion is to be guided by the consideration of [the abovementioned] four factors. . . ."); *E.E.O.C. v. General Dynamics Corp.*, 999 F.2d 113, 115 (5th Cir. 1993).

---

[5] It is not clear from this record whether Dr. Sussman actually was ever asked to opine on such documents. Defendant argues that counsel for Plaintiffs asked Dr. Sussman in a deposition to opine on an Explanation of Benefits form. Counsel for Plaintiff claims that she happened to point at the form during the deposition when asking Dr. Sussman whether a person's liver is located in the lower left quadrant of the body. Nor is it clear whether Plaintiff intends to use this portion of Dr. Sussman's testimony.

Clearly, Dr. Sussman and Dr. Stribling's testimony is important: Plaintiff has not designated any other medical experts. Plaintiffs' explanation for failing to comply with Rule 26(a)(2)(B)'s report requirement appears to have been reasonable. Namely, counsel for Plaintiffs believed that Dr. Sussman and Dr. Stribling could properly be designated as non-testifying treating physicians and did not have to comply with the report requirement. Plaintiffs have asked the Court for permission to amend their expert disclosures, presumably to provide expert reports to the extent required by the Court and the Federal Rules. Defendant argues that it will be prejudiced if the doctors are allowed to testify to matters outside of their scope of knowledge as treating physicians because Defendant's expert was not able to take their opinions into account when rendering his expert opinions and report. Similarly, counsel for Defendant was not able to consider these opinions prior to deposing Dr. Sussman and Dr. Stribling. Defendant argues that a continuance will not remedy this prejudice because the discovery deadline recently passed and dispositive motions are due within a month. Trial is set for September 15, 2008.

Under the circumstances, the Court finds that Defendant's Motion to Partially Strike should be **DENIED**. However, if Plaintiff intends to use testimony from Dr. Sussman or Dr. Stribling that is not sufficiently related to the doctors' "personal knowledge and observations obtained during the course of care and treatment" or that was not "formulated during the course of treatment," as outlined above, Plaintiffs will be required to provide Defendant with a written report in compliance with Rule 26(a)(2)(B) no later than June 16, 2008. To the extent that this will require an extension of other deadlines, parties should contact the Court.

**IT IS SO ORDERED.**

**SIGNED** this 5th day of June, 2008.

_Keith P. Ellison_
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE